GAY CROSTHWAIT GRUNFELD – 121944
LISA A. ELLS – 243657
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbg-law.com
lells@rbg-law.com

Attorneys for Plaintiffs EMI April Music Inc. et al.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| EMI APRIL MUSIC INC., LELLOW PRODUCTIONS INC., BOOK OF DANIEL, CONTROVERSY MUSIC, HERBILICIOUS MUSIC, WB MUSIC CORP. AND BLACK FOUNTAIN MUSIC,<br><br>Plaintiffs,<br><br>v.<br><br>MAXWELL'S, INC., MARK CHRISTOPHER DOUGLAS AND DARRELL LEM EDWARDS,<br><br>Defendants. | Case No. CV 08-05764 CW<br><br>**STIPULATION OF SETTLEMENT AND REQUEST FOR DISMISSAL WITH RETENTION OF JURISDICTION AND ORDER THEREON** |
|---|---|

[298773-1]

STIPULATION OF SETTLEMENT AND REQUEST FOR DISMISSAL WITH RETENTION OF JURISDICTION AND ORDER THEREON - CASE NO. CV 08-05764 CW

Plaintiffs EMI April Music Inc., Lellow Productions Inc., Book Of Daniel, Controversy Music, Herbilicious Music, WB Music Corp. and Black Fountain Music ("Plaintiffs"), and Defendants Darrell Lem Edwards ("Edwards") and Mark Christopher Douglas ("Douglas"), hereby stipulate:

1. Plaintiffs were, on the dates set forth in Schedule A to the Complaint, the respective owners of valid copyrights in the four (4) songs listed in Schedule A to the Complaint. The Complaint alleges that Plaintiffs' songs were publicly performed by Defendants' agents at the establishment known as Maxwell's, located at 341 13th Street in Oakland, in the State of California on June 27-28, 2008, without permission from Plaintiffs or their performing rights licensing organization, the American Society of Composers, Authors, and Publishers ("ASCAP").

2. Plaintiffs, Edwards, and Douglas now wish to settle the copyright infringement claims asserted in this action as well as any other potential copyright claims that Plaintiffs or other ASCAP members may have against Edwards and Douglas as of the date of this Stipulation.

3. Edwards and Douglas hereby agree to pay Plaintiffs the amount of Twenty-Seven Thousand Dollars ($27,000.00) in full satisfaction of all claims arising out of Plaintiffs' Complaint and all other potential copyright infringement claims that Plaintiffs or other ASCAP members could assert against Edwards and/or Douglas arising from the unauthorized performance of their copyrighted music at the Maxwell's establishment.

4. Plaintiffs and Edwards agree that the $27,000.00 settlement amount shall be paid as follows: (a) $4,000.00 shall be paid on or before July 15, 2009; (b) $1,000.00 shall be paid every month thereafter on the 15th of the month, through November 15, 2010; and (c) a balloon payment of $7,000.00 shall be paid on or before December 15, 2010.

5. Each payment provided for above shall be made in the form of a certified, cashier's or bank check drawn on a California bank, made payable to ASCAP and delivered to Gay Crosthwait Grunfeld, Esq. at Rosen, Bien & Galvan LLP, 315 Montgomery Street, 10th Floor, San Francisco, California 94104, or to anyone else designated by ASCAP, on or before the respective dates specified above.

1

STIPULATION OF SETTLEMENT AND REQUEST FOR DISMISSAL WITH RETENTION OF JURISDICTION AND ORDER THEREON - CASE NO. CV 08-05764 CW

[298773-1]

6. Upon written notice from Plaintiffs or their undersigned attorneys that any payment due pursuant to paragraphs 4 & 5 above is delinquent, Edwards and Douglas shall have (10) calendar days in which to cure such delinquency. If the delinquency is not cured within (10) days of the written notice, Plaintiffs may immediately and without further notice enter judgment providing, *inter alia*, that Edwards and Douglas willfully infringed Plaintiffs' copyrights and for payment to Plaintiffs of $32,000.00, less any payments previously made by Edwards pursuant to paragraph 5 above.

7. Contemporaneously with the execution of this Stipulation, Edwards and Douglas agree to execute a current 2009 ASCAP license agreement for his business known as Maxwell's. ASCAP license fees pursuant to such license agreement for calendar year 2009 are included in the stipulated settlement amount provided for in paragraph 3 above. Edwards and/or Douglas agree to abide by all of the terms and conditions of the ASCAP license, including paying when due the license fees owed pursuant to the license agreement for all periods beginning January 1, 2010.

8. Plaintiffs hereby agree that, if the payments are made as specified in paragraphs 4 & 5 above, they will file a Dismissal With Prejudice of Defendant Edwards and Douglas with this Court and serve a copy of said Dismissal With Prejudice on Defendants within ten (10) business days of clearance of the final installment payment.

9. Edwards and Douglas represent that Maxwell's, Inc. is a suspended corporation with no ownership interest in the Maxwell's establishment. Plaintiffs therefore agree that they will file a Dismissal Without Prejudice of Defendant Maxwell's, Inc. with this Court.

10. The undersigned acknowledge that they have been advised of and are familiar with the provisions of California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

2

STIPULATION OF SETTLEMENT AND REQUEST FOR DISMISSAL WITH RETENTION OF JURISDICTION AND ORDER THEREON - CASE NO. CV 08-05764 CW

[298773-1]

11. The foregoing constitutes the entire Stipulation of Plaintiffs, Edwards, and Douglas. No changes or modifications to this Stipulation shall be effective unless made in writing and signed by Plaintiffs, Edwards, and Douglas.

Wherefore, Plaintiffs, Edwards, and Douglas request that the Court:

a. Dismiss this action against Edwards and Douglas and retain complete jurisdiction over this action until January 15, 2011 (thirty (30) days after the last settlement installment payment is due pursuant to paragraph 4, *supra*), and to reopen this action upon a showing by Plaintiffs that the settlement has not been completed and that further litigation is necessary; or, in the alternative,

b. Dismiss this action against Edwards and Douglas with prejudice on January 15, 2011, if Plaintiffs have not made a showing that the settlement has not been completed.

Dated: June __, 2009

EMI APRIL MUSIC INC., LELLOW PRODUCTIONS INC., BOOK OF DANIEL, CONTROVERSY MUSIC, HERBILICIOUS MUSIC, WB MUSIC CORP. AND BLACK FOUNTAIN MUSIC,

By:_____
RICHARD H. REIMER
Senior Vice President- Legal Services
American Society of Composers, Authors and Publishers, attorney-in-fact for Plaintiffs Warner Bros., Inc., et al.

Dated: June __, 2009

By:_____
DARRELL LEM EDWARDS,
Individually and doing business as MAXWELL'S

Dated: June __, 2009

By:_____
MARK CHRISTOPHER DOUGLAS
Individually and doing business as MAXWELL'S

3

STIPULATION OF SETTLEMENT AND REQUEST FOR DISMISSAL WITH RETENTION OF JURISDICTION AND ORDER THEREON - CASE NO. CV 08-05764 CW

[298773-1]

**APPROVED AS TO FORM AND CONTENT:**

Dated:  June __, 2009                          ROSEN, BIEN & GALVAN, LLP

By:_____
Gay Crosthwait Grunfeld
Attorneys for Plaintiffs EMI April Music Inc. et al.

Dated:  June __, 2009                          TAYLOR, GOINS & STALLWORTH LLP

By: _____
VERNON C. GOINS
Attorneys for Defendants
MAXWELL'S INC., MARK CHRISTOPHER DOUGLAS, and DARRELL LEM EDWARDS

**ORDER**

IT IS SO ORDERED.

Dated:  _____July 14, 2009

_____
CLAUDIA WILKEN
United States District Judge

4

STIPULATION OF SETTLEMENT AND REQUEST FOR DISMISSAL WITH RETENTION OF JURISDICTION AND ORDER THEREON - CASE NO. CV 08-05764 CW

[298773-1]